IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL M. BOILLOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:20-CV-03323-WJE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Crystal M. Boillot seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq.*, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. Administrative Law Judge Susan Toth ("ALJ") found that although Ms. Boillot had several severe and non-severe impairments, she retained the residual functional capacity ("RFC") to do limited light work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### I. Background

Ms. Boillot filed a claim for DIB on September 29, 2017, and an additional claim for SSI on October 23, 2017. (AR 10). Her claims were denied initially on January 19, 2018, so she filed a written request for hearing on March 12, 2018. (*Id.*). On September 16, 2019, the ALJ held a

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

video hearing. (*Id.*). Ms. Boillot alleges a disability onset date of March 17, 2016, due primarily to Moyamoya disease, migraines, depression, and anxiety. (*Id.* 12, 205, 216).

On November 14, 2019, the ALJ denied Ms. Boillot's claims. (*Id.* 7). The ALJ determined that although Ms. Boillot had severe and non-severe impairments, none of them met or exceeded a listed impairment. (*Id.* 10-24). She also determined Ms. Boillot had an RFC to perform light work with certain limitations, including:

> [S]he can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently. She can stand or walk in combination for 6 hours in an 8-hour workday, and can sit for 6 hours in an 8-hour workday. She can occasionally climb ramps and stairs, may not climb ladders, ropes and scaffolds, and can occasionally balance, stoop, kneel, crouch and crawl. She can have no more than occasional exposure to extremes of cold and heat, fumes, odors, dusts, gases, and poor ventilation, and may not be exposed [to] workplace hazards, such as unprotected heights and machinery with exposed moving mechanical parts. The claimant can have exposure to no more than moderate noise and cannot be exposed to lights brighter than those typically found in an office environment. She can understand, remember and follow simple instructions, can perform simple tasks, and she can adapt to changes in a simple work environment.

(*Id.* 15). During the September 16, 2019 hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Boillot's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 23, 55). The VE testified that such an individual could perform work as an office helper, photocopy machine operator, and shipping and receiving weigher. (*Id.* 23, 56).

Following the ALJ's decision, Ms. Boillot filed an appeal with the Appeals Council. (*Id.* 181-83). The Appeals Council denied Ms. Boillot's request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-3). Since Ms. Boillot has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (citation omitted).

## III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (citation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157

(2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Ms. Boillot raises a single issue in her appeal before the Court. That is, she argues that the RFC decision is not supported by substantial evidence because the ALJ did not properly consider her subjective reports of her migraines. (*See generally* Doc. 12 at 7-14). The Court finds that substantial evidence supports the ALJ's RFC decision because the ALJ offered sufficient explanation for discrediting Ms. Boillot's subjective reports. Accordingly, this Court affirms.

The ALJ is responsible for deciding questions of fact, including the credibility of a claimant's subjective reports about her limitations. *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003) (citing *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)). "Because the ALJ [is] in a better position to evaluate credibility, we defer to [her] credibility determinations as long as they [are] supported by good reasons and substantial evidence." *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (quoting *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006)). "When evaluating a claimant's credibility as to subjective complaints, the ALJ must consider the *Polaski* factors." *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). "Those factors include: 'the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions.'" *Id.* (quoting *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010)). "The ALJ is not required to discuss each *Polaski* factor as long as '[s]he acknowledges and considers the factors before discounting a claimant's subjective

complaints.'" *Id.* (quoting *Halverson*, 600 F.3d at 932). "Another factor to be considered is the absence of objective medical evidence to support the complaints, although the ALJ may not discount a claimant's subjective complaints solely because they are unsupported by objective medical evidence." *Id.* (internal citation omitted). "[A]n ALJ is entitled to make a factual determination that a [c]laimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Id.* (quoting *Jones v. Astrue*, 619 F.3d 963, 975 (8th Cir. 2010)).

Here, the ALJ properly evaluated Ms. Boillot's subjective reports of her migraines. First, the ALJ began by explicitly listing the *Polaski* factors. (AR 16). While an ALJ is not required to explicitly discuss every factor, the ALJ's decision included discussion of almost every factor relative to Ms. Boillot's subjective reports, including her daily activities, medications, treatment options, the nature of her pain, and precipitating and aggravating factors. (AR 16-21; *see Grindley*, 9 F.4th at 630). The ALJ only then discredited Ms. Boillot's subjective reports of her migraines because the ALJ found them inconsistent with the record. (AR 17-21). The ALJ noted that Ms. Boillot's allegations were not supported by "treatment records of restrictions placed on the claimant by a treating doctor," nor by any "permanent restrictions recommended by any doctor the claimant saw after her alleged onset date." (*Id.* 21). Additionally, the ALJ described Ms. Boillot's repeated positive checkups and satisfaction with the progress of her treatment. (*Id.* 17-20). Ms. Boillot's pain and neurological symptoms also regularly responded well to medication. (*Id.* 18-21). Thus, the ALJ ultimately found the medical evidence inconsistent with Ms. Boillot's subjective reports of her migraines. (*See id.* 17-21). However, the ALJ's decision was not supported solely by a lack of objective medical evidence confirming Ms. Boillot's subjective reports. Rather, the ALJ also noted that Ms. Boillot's daily activities were inconsistent with her subjective reports. (*Id.* 21-22). Specifically, the ALJ stated that Ms. Boillot's daily activities

"suggest that the claimant possess greater functional abilities than have been alleged in her hearing testimony." (*Id.*). Thus, based on all the evidence in the record the ALJ found Ms. Boillot's subjective reports of her migraines inconsistent with the record. This Court finds no error in the ALJ's assessment because the ALJ was in a better position than this Court to assess Ms. Boillot's credibility. *See McDade*, 720 F.3d at 998 (quoting *Cox*, 471 F.3d at 907).

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Ms. Boillot was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 9th day of October 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge